**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

MMX SUDESTE MINERAÇÃO S.A.                    Chapter 15

    Debtor in a Foreign Proceeding.            Case No.:

_____/

**VERIFIED PETITION FOR ORDER GRANTING**
**RECOGNITION OF FOREIGN MAIN PROCEEDING**
**PURSUANT TO §§ 1515 AND 1517 OF THE BANKRUPTCY CODE**

Bernardo Bicalho Alvarenga Mendes (the "Trustee"), the duly appointed judicial

administrator of MMX Sudeste Mineração S.A. (the "Debtor"), files this *Verified Petition for*

*Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the*

*Bankruptcy Code* (the "Verified Motion"), seeking entry of an Order granting (i) recognition of

the Debtor's court-approved reorganization pending before the First Business Court of the Judicial

District of Belo Horizonte – Minas Gerais (the "Brazilian Court"), Case No. 2988666-

18.2014.8.13.2004 (the "Brazilian Proceeding") pursuant to 11 U.S.C. § 1517[1]; (ii) related relief

pursuant to sections 1520 and 1521 of the Bankruptcy Code; and (iii) any other and further relief

which may be available under the Bankruptcy Code. In support of the Verified Motion, the Trustee

respectfully states as follows:

**PRELIMINARY STATEMENT**

1.    The Trustee files the Verified Chapter 15 Petition for Recognition of a Foreign

Proceeding (the "Petition") pursuant to section 1504 of the Bankruptcy Code seeking recognition

---

[1] Unless otherwise specified herein, all statutory references shall be to Title 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

of the Brazilian Proceeding as a "foreign main proceeding" as defined in section 1502(4).

2.      The Declaration of Bernardo Bicalho Alvarenga Mendes (the "Declaration"), made under penalty of perjury, addressing the requirements of § 1515(c) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1007(a)(4), is attached hereto as **Exhibit "A".**

3.      The petition for court-approved reorganization filed on behalf of the Debtor in Brazil is attached hereto as **Exhibit "B".**

4.      The Judgment granting the Court-Approved Reorganization of the Debtor and appointing the Trustee as judicial administrator and the Order authorizing the Judicial Administrator to file auxiliary foreign proceedings and to act as Foreign Representative therein are attached to hereto as Composite **Exhibit "C".**

5.      The Debtor's Statement of Corporate Ownership under Fed. R. Bankr. P. 1007(a)(4) and 7007.1 is attached hereto as **Exhibit "D".**

6.      The Petition, this Verified Motion, and the accompanying Declaration demonstrate that the Brazilian Proceeding should be recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

7.      The Judicial Administrator seeks the type of relief that chapter 15 was designed to provide, and the Brazilian Proceeding and this Petition meet all the requirements for recognition and the requested relief.

## JURISDICTION AND VENUE

8.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b) and sections 109 and 1501 of the Bankruptcy Code.

9.      This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

10.     The city of Belo Horizonte—Minas Gerais, Brazil is the Debtor's center of main interests, where it is incorporated and maintains its principle place of business.

11.     Venue is proper in this district under 28 U.S.C. § 1410 as, among other things, the Trustee holds in this district approximately US$1,500 deposited on retainer with Sequor Law, P.A.

**BACKGROUND**

12.     Incorporated in 2005, the Debtor is in the business of extracting iron ore from mining units located in the metropolitan region of Belo Horizonte, known as the most prominent mining zone in Brazil. Ex. A ¶ 7. The Debtor holds mining rights in these mining units until the year 2034 pursuant to leasing agreements entered into with Companhia de Mineracao Serra das Farofas (CEFAR). Id. Since its inception, the Debtor had a sizable mining operation with the capacity to produce approximately ten point eight (10.8) million tons of iron ore per year. Id. ¶ 10. Further, the Debtor also owned ore extraction rights in Chile and in Bom Sucesso, in the state of Minas Gerais, Brazil. Id. The iron ore extracted by the Debtor is used in the production of steel. Id. ¶ 7.

13.     The Debtor is owned and controlled by Eike Furkhen Batista ("Batista"), who directly holds 0.01% ownership in the Debtor, and through his indirect control of MMX Mineração e Metálicos S.A. ("Mineração"), holds an additional 99.99% ownership in the Debtor. Mineração is publicly traded in the Brazilian stock market and routinely used the Debtor's information in its investment materials. Ex. A ¶ 8.

14.     On or about 2008, the Debtor sought to expand its production to approximately forty (40) million tons of iron ore per year. Id. ¶ 11. Its main strategy to attain that goal was the expansion of the Serra Azul Unit iron ore production, located in the State of Minas Gerais, Brazil. Id. The Debtor also sought to operate the Pau de Vinho mine, which the Debtor predicted would

produce approximately an additional eight (8) million tons per year. Id. The expansion plan also included the construction of ore-pipelines, ports and railways to provide the necessary infrastructure to accommodate such production expansion, all of which required licensing, among other things. Id.; Id. at ¶ 14. The new processing plant was projected to be operating by 2014, with an estimated production of approximately twenty nine (29) million tons of iron ore per year. Id. at ¶ 13. In total, the Debtor disclosed a business plan expecting to yield a yearly production of thirty six (36) million tons of iron ore. Id.

15. The Expansion Project ultimately failed to meet expectations. Id. at ¶ 16. Rather than producing the projected thirty-six (36) million tons of iron ore per year, the Debtor produced only eight (8) million tons. Id. Further, the Debtor was subject to substantial fines due to breaches of distribution and logistics contracts. Id. The foregoing required the Debtor to revalue assets, undertake significant write-offs, and seek further investments.

16. The Debtor continued to suffer due to a lack of liquidity and the Debtor ultimately ran out of cash and funding. Id. at ¶ 17. In 2014, the Debtor filed the Brazilian Proceeding in 2014 in an effort to continue its Expansion Project. Id. at ¶ 18. Notwithstanding its economic difficulties, in its reorganization request, the Debtor painted a favorable future with regard to the Expansion Project based on its claimed viability and promise. Id. at ¶ 19.

17. During his initial investigations, the Trustee discovered information that suggested the wrongdoing as to assets of the Debtor in benefit of its shareholders, directors, officers, and other members of its governing body, in furtherance of which he sought and obtained court approval to put together an investigatory team. Id. at ¶ 20. Additional investigations under the Trustee's supervision revealed that the corporate form of the Debtor was ignored in the ordinary course of the Debtor's activities and that the Debtor's shortage of credit, which led to the Brazilian

Proceeding, was the direct result of the wrongdoings committed by the Debtor's controlling shareholders, managers and other related entities. Id. at ¶ 22.

18.     Consequently, the Trustee filed a Request to Pierce the Corporate Veil and Damages with Request for Urgent Provisional Relief (the "Piercing Motion").[2] Id. at ¶ 23. The Brazilian court granted the motion finding, among other things, that the controlling shareholders of the Debtor ignored the corporate formality of the Debtor by producing artificially inflated accounting and financial statements of the Debtor, thereby contributing to the ultimate need for reorganization. Id. at ¶ 24.

## BASIS FOR RECOGNITION

1.     The Trustee has satisfied each of the requirements for recognition of the Debtor and the Trustee under Chapter 15 of the Bankruptcy Code, as follows:

(a)     The Trustee qualifies as a "foreign representative" under section 101(24) of the Bankruptcy Code by virtue of his appointment as Judicial Administrator by the Brazilian Court, which grants him the power to, among other things, administer and supervise the reorganization of the Debtor's assets and affairs; to investigate the actual causes of the reorganization; and when necessary, after being authorized by the judge, to pursue causes of action for the benefit of creditors. Additionally the Brazilian Court authorized the Judicial Administrator to file auxiliary insolvency proceedings abroad and recognized him as the foreign representative for the reorganization pending in Brazil. See Ex. C.

(b)     The Brazilian Proceeding qualifies as a "foreign proceeding" under section 101(23) of the Bankruptcy Code because it is a judicial proceeding pending in a Brazilian court

---

[2] Eike Furkhen Batista, Centennial Asset Mining Fund, LLC (" Centennial" ), and Mercato Botafogo RFCP Fundo de Investimento Longo Prazo (" Mercato Botafogo" ) are now personally liable for the debts of the Debtor pursuant to an *ex parte* precautionary order issued by the Brazilian Bankruptcy Court. See Exhibit "E".

under the bankruptcy laws of Brazil for the purpose of reorganization. See Ex. B & C.

(c)    The Brazilian Proceeding further qualifies as a "foreign main proceeding" because the Brazilian Proceeding is a foreign proceeding pending in Brazil, which is the Debtor's center of main interest.

(d)    To the extent section 109(a) of the Bankruptcy Code applies in Chapter 15 cases, the Debtor qualifies as a "debtor" under section 109(a) because the Debtor is the subject of a foreign proceeding and has assets in the United States, which include a retainer on deposit with the Sequor Law, P.A.

(e)    Lastly, this Verified Motion is accompanied by the Brazilian Court's Judgment granting the court-approved reorganization of the Debtor and appointing the Trustee as Judicial Administrator. See Ex. C. Further, the Statements required by Rule 1515(c) and Fed. R. Bankr. P. 1007(a)(4) are being filed together herewith. See Ex. C & D.

## RELIEF REQUESTED

2.    By this Verified Motion, the Trustee respectfully requests an Order pursuant to sections 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code, substantially in the form of the Proposed Order, attached hereto as **Exhibit "F"**, granting the following relief:

(a)    Recognizing the Brazilian Proceeding as a "foreign main proceeding" and the Trustee as the Foreign Representative of the Debtor;

(b)    Granting the relief allowable as of right upon recognition of a foreign main proceeding under section 1520 of the Bankruptcy Code;

(c)    Granting the following additional relief under section 1521 of the Bankruptcy Code:

(1)     staying the commencement or continuation of any action or proceeding without the consent of Trustee concerning rights, obligations or liabilities of the Debtor and the Debtor's estate to the extent not stayed under section 1520(a) of the Bankruptcy Code;

(2)     staying execution against the Debtor, to the extent not stayed under § 1520(a);

(3)     suspending the right to transfer or otherwise dispose of any assets of the Debtor to the extent this right has not been suspended under section 1520(a);

(4)     providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of the Debtor and the Debtor's estate under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

(5)     entrusting the administration or realization of all of the assets of the Debtor within the territorial jurisdiction of the United States to the Trustee;

(6)     entrusting the distribution of all or part of the assets of the Debtor located within the United States to Trustee;

(7)     otherwise granting comity to and giving full force and effect to the Orders of the Brazilian Court, including, without limitation, those attached hereto as **Exhibits "C"**; and

(d)     granting the Trustee such other and further relief as this Court may deem just and proper.

## CONCLUSION

WHEREFORE, the Judicial Administrator respectfully requests that the Court enter an Order granting the relief requested herein and such other and further relief as the Court deems just and proper.

SEQUOR LAW, P.A.                                           Page 7 of **8**

## 28 U.S.C. § 1746 VERIFICATION

I verify under penalty of perjury under the laws of the United States of America that the foregoing Verified Motion is true and correct.

Executed in Belo Horizonte on May 15th, 2017

Bernardo Bicalho Alvarenga Mendes

Dated: May 15, 2017

Respectfully submitted,

**SEQUOR LAW, P.A.**
1001 Brickell Bay Dr., 9th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: ggrossman@sequorlaw.com
          aescobar@sequorlaw.com

By:    /s/ Gregory S. Grossman
        Gregory S. Grossman
        Florida Bar No.: 896667
        Annette C. Escobar
        Florida Bar No.: 369380