

**ORDERED in the Southern District of Florida on June 9, 2017.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

MMX SUDESTE MINERAÇÃO S.A.                    Chapter 15

    Debtor in a Foreign Proceeding.            Case No.: 17-16113-RAM
_____/

**ORDER GRANTING RECOGNITION OF FOREIGN
MAIN PROCEEDING PURSUANT TO §§ 1515 AND 1517 OF
THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

This matter came on for hearing on June 8, 2017 (the "Hearing"), upon the Verified Petition for Recognition of Foreign Main Proceeding Pursuant To §§1515 and 1517 (the "Verified Motion")[1] [ECF 2], of Bernardo Bicalho Alvarenga Mendes ("Trustee"), the duly appointed

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Verified Motion.

Judicial Administrator of MMX Sudeste Mineração S.A. (the "Debtor"), seeking recognition and related relief pursuant to Chapter 15 of the Bankruptcy Code of the Debtor's court-approved reorganization pending before the First Business Court of the Judicial District of Belo Horizonte – Minas Gerais (the "Brazilian Court"), Case No. 2988666-18.2014.8.13.2004 (the "Brazilian Proceeding").  The Court, having considered the Petition, the Verified Motion, and their respective attachments, the argument of counsel, and being otherwise duly informed, the Court makes the following Order.

      The Court finds:

    A.    Due and timely notice of the filing of the Chapter 15 Petition and the Hearing was given by the Foreign Representative as directed by this Court.

    B.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

    C.    Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

    D.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

    E.    The Trustee qualifies as a "foreign representative" as defined in 11 U.S.C. §101(24).

    F.    This Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515 and 1517.

    G.    Trustee has met the requirements of 11 U.S.C. §§ 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

    H.    The Brazilian Proceeding is a foreign proceeding under 11 U.S.C. §§ 101(23) and 1502(4).

I. The Brazilian Proceeding is entitled to recognition by this Court under 11 U.S.C. § 1517.

J. The Brazilian Proceeding is pending in the city of Belo Horizonte, in the State of Minas Gerais, Brazil.  Brazil is the country where the Debtor has its center of main interests and, accordingly, the Brazilian Proceeding is a foreign main proceeding under 11 U.S.C. § 1502(4), entitled to recognition as a foreign main proceeding under 11 U.S.C. § 1517(b)(1).

K. The Trustee is entitled to all relief provided under 11 U.S.C. § 1520, without limitation.

L. The Trustee is further entitled to the relief expressly set forth in 11 U.S.C. § 1521.

M. The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of the Debtor or other parties that is not outweighed by the benefits of the relief being granted.

Accordingly, it is ORDERED AND ADJUDGED that:

1. The Brazilian Proceeding is granted recognition as a "foreign main proceeding" under 11 U.S.C. § 1517.

2. The Brazilian Proceeding and the Orders of the Brazilian Court shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities.  This includes without limitation, the Orders attached to the Verified Motion commencing the Brazilian Proceeding and appointing the Trustee as Judicial Administrator.

3. The Trustee is entrusted with the full administration and realization of all or a part of the estate and assets of the Debtor within the territorial jurisdiction of the United States.

4.     The Trustee shall have the authority to act independently to carry out any of the duties and powers granted by this Order.

5.     The provisions of 11 U.S.C. § 1520 apply, without limitation, to this proceeding.

6.     All persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities, of the Debtor or the Debtor's bankruptcy estate located in the United States.

7.     All persons and entities are stayed from executing against the assets of the Debtor or the Debtor's bankruptcy estate located in the United States.

8.     All persons and entities are prohibited from transferring, encumbering or otherwise disposing of, any assets of the Debtor or the Debtor's bankruptcy estate located in the United States.

9.     All persons and entities provided notice of the Chapter 15 Petition and the Hearing thereon who are in possession, custody or control of property, or the proceeds thereof, of the Debtor or the Debtor's bankruptcy estate located within the territorial jurisdiction of the United States, shall immediately advise the Trustee by written notice sent to the following addresses:

Attn: Bernardo Bicalho Alvarenga Mendes, Judicial Administrator of
MMX Sudeste Mineração, S.A.
c/o Henrique Forssell
Krikor Kaysserlian, Duarte e Forssell
Av. Paulista 1499, cj 204, 2º andar
Bela Vista, São Paulo, SP
CEP  01311-928, Brasil

With a copy to:

Attn: Gregory S. Grossman
Annette C. Escobar
Sequor Law, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such person or entity.

10. The Trustee is authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor or the Debtor's bankruptcy estate pursuant to §1521(a)(4), the Federal Rules of Bankruptcy Procedure, including without limitation the procedure of Fed. R. Bankr. P. 2004 and Local Rule 2004-1, without further order of this Court.

11. The Trustee is further authorized to operate and may exercise the powers of a trustee under, and to the extent provided by 11 U.S.C. §§ 363 and 552.

12. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

13. This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtor within the territorial jurisdiction of the United States.

14. The Trustee is directed to serve a true and correct copy of this Order by electronic filing via the CM/ECF system with the Clerk of Court upon those persons or entities who have appeared by counsel and requested electronic notification of filings in this case and United States mail, first class postage prepaid, upon any other known creditors in the United States, and any other person or entity known to have dominion and control over assets of the Debtors in the United States, all of which shall be sufficient to give notice of this Order.

15. A motion to vacate or to dismiss this Order or otherwise object to recognition may be filed no later than the 60th day after the first date that any person or entity receives notice of this Order.

# # #

Submitted by:
Gregory S. Grossman, Esq.
Annette C. Escobar, Esq.
SEQUOR LAW
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone: 305-372-8282
Facsimile: 305-372-8202
E-Mail: ggrossman@sequorlaw.com; aescobar@sequorlaw.com

Annette C. Escobar shall serve a copy of this Order on all interested parties entitled to service and file a certificate of service thereafter.