UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                  Case No. 17-16113-RAM

MMX SUDESTE MINERAÇÃO S.A.,                      Chapter 15

     Debtor in Foreign Proceeding.
_____/

**OBJECTION TO RECOGNITION AND MOTION TO DISMISS CHAPTER 15 CASE**

     Interested party MMX Mineração e Metalicos S.A. ("SA"), through undersigned counsel and pursuant to the *Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code and Granting Related Relief* [ECF 9] (the "Recognition Order") lodges this timely objection to recognition and moves to dismiss this Chapter 15 case. In support of the requested relief, SA states as follows:

**Summary**

     1.     SA is the parent company of the debtor, MMX Sudeste Mineração, S.A. (the "Debtor"). The Debtor has no place of business, assets, financial accounts, or real or personal property located within the United States. Brazilian judicial administrator, Bernardo Bicalho Alvarenga Mendes (the "Trustee"), obtained recognition of this foreign main proceeding and asserted venue was appropriate in this district on the basis that his counsel has a $1,500 retainer on deposit (the "Retainer"). Presuming the Retainer does exist, it is not comprised of Debtor funds. Accordingly, the Debtor does not qualify as a "debtor" under Section 109(a) of the Bankruptcy Code and there is otherwise no basis for recognition or venue in the Southern District of Florida.

## Procedural Background

2.     The Trustee filed his *Verified Petition for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code* [ECF 2] (the "Petition") on May 15, 2017, and on June 12, 2017, the Recognition Order was docketed.

3.     The Recognition Order was only served on the U.S. Trustee. *See* ECF 10.

4.     Paragraph 15 of the Recognition Order states: "A motion to vacate or to dismiss this Order or otherwise object to recognition may be filed no later than the 60th day after the first date that any person or entity receives notice of this Order." This motion is timely as the earliest date SA could have learned of the Recognition Order was the day it was docketed on June 12.

## Objection to Recognition and Motion to Dismiss

5.     A proposed Chapter 15 debtor must meet the requirements of 11 U.S.C. § 109(a) before a bankruptcy court may grant recognition of a foreign main proceeding. *In re Barnet*, 737 F.3d 238, 247 (2d Cir. 2013). Section 109(a) provides: "Notwithstanding any other provision of this section, only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title." In addition, a Chapter 15 case may only be commenced in a district where the proposed debtor has a principal place of business, in which there is an action pending against the debtor, or in which venue is consistent with the interests of justice and the convenience of the parties. 28 U.S.C. § 1410.

6.     In the Petition, the Trustee asserts that "the Debtor qualifies as a 'debtor' under section 109(a) because the Debtor is the subject of a foreign proceeding and has assets in the United States, which include a retainer on deposit with the Sequor Law, P.A." Petition, p. 6. The Trustee also asserts that venue is proper in the Southern District of Florida because "the Trustee holds in this district approximately US $1,500 deposited on retainer with Sequor Law, P.A."

Case No. 17-16113-RAM

7. SA is aware of the legal authority that stands for the proposition that a retainer on hand with a U.S. law firm constitutes sufficient property within the United States to satisfy the requirement of Section 109(a). *See e.g. In re Poymanov*, No. 17-10516, 2017 WL 3268144, at *4 (Bankr. S.D.N.Y. July 31, 2017); *In re Octaviar Admin. Pty Ltd*, 511 B.R. 361, 373-74 (Bankr. S.D.N.Y. 2014).

8. It does not appear that this specific issue has ever been addressed by a court within the 11th Circuit; SA has not located any reported decisions. SA submits that these cases are wrongly decided as it allows foreign representatives to manufacture jurisdiction and venue in any district they choose simply by depositing funds there, regardless of a proposed Chapter 15 debtor's connection—or lack thereof—to that district. This line of cases encourages forum shopping by foreign representatives and allows them to file Chapter 15 petitions in districts that are potentially disadvantageous to creditors and other interested parties.

9. But even if the Court were inclined to follow the line of cases holding that a retainer is enough, they speak of (and Section 109(a) requires) the "debtor" having property located within the United States. Where the actual *source* of a retainer has been challenged, courts have focused on whether the retainer was funded with property of the debtor or its foreign bankruptcy estate. *See Poymanov*, 2017 WL 3268144, at *4 (petitioner met his burden of proving that the foreign *debtor* has property in the United States where the retainer was funded by repayment of debt owed to the debtor that the foreign representative collected on the debtor's behalf).

10. Here, as set forth in the Declaration of Ricardo Furquim Werneck Guimarães, attached hereto as **Exhibit "A"** and incorporated by reference (the "Declaration"), the Debtor has no place of business, assets, financial accounts, or any other type of real or personal property

located within the United States. Declaration, ¶ 5. Moreover, the Declaration confirms that even if the Retainer is indeed on deposit with the Trustee's counsel, that Retainer was not funded with Debtor funds or any source of funds to which the Debtor has a claim of interest. Declaration, ¶¶ 8, 10.

11. As admitted by the Trustee in his own declaration attached to the Petition as Exhibit A (the "Trustee Declaration"), the Trustee was put in place in Brazil to supervise the Debtor's management, but under Brazilian law, "the debtor and its managers retain control of the debtor's business operations." Trustee Declaration, ¶ 4, fn. 2.

12. The Declaration, made by the Debtor's CEO and CFO upon his personal knowledge and review of the Debtor's books and records maintained under his custody and control, confirms that:

   a. no funds have ever been transferred from the Debtor's financial accounts to Sequor Law, P.A.;

   b. the Trustee does not have the authority to make such a transfer from the Debtor's financial accounts;

   c. the Trustee has not recovered any assets or funds on behalf of the Debtor in Brazil or anywhere else; and

   d. if the Retainer is indeed on deposit in the United States with Sequor Law, P.A., it did not originate from the Debtor or any source to which the Debtor has a claim of interest.

Declaration, ¶¶ 9-11.

13. Section 109(a) has not been satisfied because the Debtor has no place of business or property in the United States and, accordingly, a prerequisite of granting recognition of this

foreign main proceeding is lacking. In addition, venue in this district is not proper under 28 U.S.C. § 1410 because the Debtor has no place of business or assets located in the Southern District of Florida, there are no pending actions against the Debtor here, and there is no plausible advancement of the interests of justice or convenience of the parties.

**WHEREFORE**, SA respectfully requests that this Court enter an order (1) sustaining SA's objection; (2) vacating the Recognition Order and dismissing this Chapter 15 case for want of venue and because the Debtor does not qualify as a "debtor" under Section 109(a) of the Bankruptcy Code; and (3) granting any further relief the Court deems just and proper.

Respectfully submitted,

**BAST AMRON LLP**
*Attorneys for MMX Mineração e Metalicos S.A.*
SunTrust International Center
One Southeast Third Avenue, Suite 1400
Miami, Florida 33131
Telephone: 305.379.7904
Facsimile: 305.379.7905
Email: jbast@bastamron.com
Email: zlaux@bastamron.com

By: */s/ Jeffrey P. Bast, Esq.*
    Jeffrey P. Bast (FBN 996343)
    Zakarij N. Laux (FBN 93784)

Case No. 17-16113-RAM

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Court and served via electronic transmission to all electronic recipients through CM/ECF on August 11, 2017 to all interested parties on the attached service list.

By: */s/ Jeffrey P. Bast, Esq.*
    Jeffrey P. Bast, Esq.

## **SERVICE LIST**

### **VIA CM/ECF**

- Annette C Escobar    aescobar@sequorlaw.com, tcrockett@sequorlaw.com
- Gregory S Grossman    ggrossman@sequorlaw.com, ngonzalez@sequorlaw.com
- Juan J Mendoza    jmendoza@sequorlaw.com, ngonzalez@sequorlaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

**Exhibit "A"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                   Case No. 17-16113-RAM

MMX SUDESTE MINERAÇÃO S.A.,                              Chapter 15

Debtor in Foreign Proceeding.
_____/

## DECLARATION OF RICARDO FURQUIM WERNECK GUIMARÃES

**I, Ricardo Furquim Werneck Guimarães, declare:**

1. I am the CEO and CFO of MMX Sudeste Mineração, S.A. (the "Debtor").

2. As the CFO of the Debtor, I have personal knowledge of its finances and financial books and records (the "Records"), which are prepared and kept in the ordinary course of the Debtor's business and are maintained under my custody and control.

3. I also have personal knowledge and familiarity with the Debtor's Brazilian insolvency proceeding (the "Brazilian Proceeding") and the activities of the judicial administrator, Bernardo Bicalho Alvarenga Mendes (the "Trustee").

4. The Brazilian Proceeding is a reorganization proceeding, through which the Debtor maintains control of its Records. As set forth in the Trustee's declaration attached to the Petition as Exhibit A (the "Declaration"), the Trustee has authority to supervise the management of the Debtor in its reorganization efforts, but under Brazilian law, "the debtor and its managers retain control of the debtor's business operations." Declaration, ¶ 4, fn. 2.

5. The Debtor has no assets, financial accounts, or any other type of real or personal property located within the United States. The Debtor does not conduct business within the United States and has no place of business located within the United States.

6. I have reviewed the Trustee's *Verified Petition for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code* [ECF 2] (the "Petition").

7. In the Petition, the Trustee asserts that "the Debtor qualifies as a 'debtor' under section 109(a) because the Debtor is the subject of a foreign proceeding and has assets in the United States, which include a retainer on deposit with the Sequor Law, P.A." Petition, p. 6. The Trustee also asserts that venue is proper in the Southern District of Florida because "the Trustee holds in this district approximately US $1,500 deposited on retainer with Sequor Law, P.A." (the "Alleged Retainer")

8. While I have no knowledge as to whether the Alleged Retainer is actually on deposit with Sequor Law, P.A., I do know and declare that the Alleged Retainer is not comprised of Debtor funds.

9. Specifically, upon review of the Records, no funds have ever been transferred from the Debtor's financial accounts to Sequor Law, P.A. Moreover, the Trustee does not have the authority to make such a transfer from the Debtor's financial accounts.

10. In addition, the Trustee has not recovered any assets or funds on behalf of the Debtor in Brazil or anywhere else that might conceivably be considered Debtor funds.

11. If the Alleged Retainer is indeed on deposit in the United States with Sequor Law, P.A., it did not originate from the Debtor or any source to which the Debtor has a claim of interest.

12. I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated this 11th day of August, 2017.

_____
Ricardo Furquim Werneck Guimarães