UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

MMX SUDESTE MINERAÇÃO S.A.                    Chapter 15

    Debtor in a Foreign Proceeding.                    Case No.: 17-16113-RAM
_____/

**AGREED MOTION FOR ENTRY OF STIPULATED
CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Bernardo Bicalho Alvarenga Mendes (the "Foreign Representative"), the duly appointed judicial administrator of MMX Sudeste Mineração S.A. (the "Debtor"), files this motion (the "Motion") for entry of the Stipulated Confidentiality Agreement and Protective Order (the "Protective Order"), attached hereto as **Exhibit "A"**, entered into with MIC Capital Partners (US) LLC ("MIC"), pursuant to Federal Rule of Bankruptcy Procedure 9018. In support of the Motion, the Foreign Representative states as follows:

1. On October 14, 2021, MIC accepted service of a Subpoena for Rule 2004 Examination by the Foreign Representative. D.E. 218.

2. MIC has requested entry of a confidentiality agreement and protective order to protect the confidential nature of the documents that MIC will produce in response to the Subpoena. Therefore, the Foreign Representative and MIC entered into the Protective Order attached hereto as Exhibit A.

3. MIC agrees with the relief requested in this Motion.

WHEREFORE, the Foreign Representative respectfully requests that the Court enter the Protective Order, and for any other and further relief that the Court deems just and proper.

Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Ave., Suite 1250
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
Email: ggrossman@sequorlaw.com
jmendoza@sequorlaw.com

By: */s/ Juan J. Mendoza*
Gregory S. Grossman
Florida Bar No. 896667
Juan J. Mendoza
Florida Bar No. 113587

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via regular US mail to all participants who are not on the list to receive e-mail notice/service for this case as indicated on the service list, and via e-mail to MIC, c/o John F. Sullivan, johnosullivan@quinnemanuel.com and Jason Sternberg, jasonsternberg@quinnemanuel.com, on November 15, 2021

*/s/ Juan J. Mendoza*
Juan J. Mendoza

**SERVICE LIST**

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Jeffrey P. Bast    jbast@bastamron.com; jdepina@bastamron.com; kjones@bastamron.com; jmiranda@bastamron.com; dtimpone@bastamron.com; mdesvergunat@bastamron.com
- Annette C Escobar    aescobar@sequorlaw.com; tcrockett@sequorlaw.com
- Gregory S Grossman    ggrossman@sequorlaw.com; ngonzalez@sequorlaw.com
- Zakarij N Laux    zlaux@bastamron.com; dtimpone@bastamron.com; jdepina@bastamron.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

## Manual Notice List

- (No manual recipients)

*EXHIBIT "A"*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:
MMX SUDESTE MINERACAO S.A.                    Chapter 15

    Debtor in a Foreign Proceeding,             Case No. 17-16113-RAM

_____/

**STIPULATED CONFIDENTIALITY**
**AGREEMENT AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED between Bernardo Bicalho Alvarenga Mendes, the foreign representative of MMX Sudeste Mineracao S.A. ("MMX") (the foreign representative and MMX jointly, "Debtor"), and MIC Capital Partners (US) LLC ("MIC") that certain documents and information produced in response to the Subpoena for Rule 2004 Examination served on MIC on October 12, 2021 (the "Subpoena"), shall be protected so as to preserve the confidentiality of personally identifying information, financial records, and

commercially sensitive, confidential, trade secret, competitive and/or proprietary information contained therein.

It is, therefore, AGREED that:

1. Scope of Agreement.

This Stipulated Confidentiality Agreement and Protective Order ("Order") shall govern all materials produced by MIC in response to the Subpoena; all information contained in those materials; and all copies, excerpts, or summaries of those materials (collectively, "Discovery Material").

2. Designation of Discovery Material as Confidential.

Counsel may designate as "Confidential" any Discovery Material that counsel in good faith believes contains or is derived from personally identifying information or contains or is derived from non-public, confidential, personal, proprietary, financial, customer, client, or commercial information, trade secrets, confidential research or development, or information that is otherwise protected by statute ("Confidential Discovery Material").

3. Method of Designating Discovery Material as Confidential.

(a) Designation of confidential Discovery Material shall be made by stamping the legend "Confidential" on any document containing Confidential Discovery Material. Multi-paged Discovery Material that is bound together need only be so designated on the first page. If the Discovery Material cannot be so labeled, it will be designated "Confidential" in some other conspicuous manner. Any "Confidential" designation that is inadvertently omitted during document production may be corrected by written notice to counsel for the Party receiving the document.

(b) Examination/deposition testimony concerning Confidential Discovery

Material or information derived from Confidential Discovery Material must be designated Confidential by an indication on the record as to the specific testimony at the examination/deposition or by written notice of the specific pages and lines of testimony that are Confidential within fourteen (14) days after receipt of the official transcript. Each Party shall attach a copy of any such written notice to all copies of the deposition within its possession, custody, or control.

       4.       Use of Confidential Discovery Material. Confidential Discovery Material may be used solely for the purpose of the above-captioned foreign recognition proceeding and, the main proceeding of the Debtor pending in the First Business Court of the Judicial District of Belo Horizonte—Minas Gerais under Case No. 2988666-18.2014.8.13.0024 (collectively, "the Debtor Proceeding"), and for no other purpose whatsoever.

       5.       Disclosure of Confidential Discovery Material. Confidential Discovery Material may be disclosed to the following persons:

       (a)       The Court in the Debtor Proceedingand any court to which an appeal of a Debtor Proceeding may lie;

       (b)       The Parties, including present officers, directors, members, and other employees of the Parties, to the extent reasonably necessary for the prosecution or defense of claims in theDebtor Proceeding;

       (c)       Outside counsel representing the Parties and their support personnel whose functions require access to such Confidential Discovery Material;

       (d)       Any actual or potential non-party witness or deponent to the extent reasonably necessary, and counsel for such witness, provided that they execute the Acknowledgment.

(e) Outside vendors who perform microfilming, photocopying, computer classification, handling and processing of electronically-stored information or similar functions, but only for so long as necessary to perform those services;

(f) Court reporters and other persons engaged in preparing transcripts of testimony or hearings for any Debtor Proceeding;

(g) Experts retained or consulted by the Parties or counsel of record in the Debtor Proceeding for assistance in the preparation or prosecution of claims or defenses in litigation, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist the Parties or their counsel in litigation; and

(h) Any other person who is so designated by order of the Court in which the Debtor Proceeding is pending.

No Confidential Discovery Material may be disclosed to persons identified in subparagraphs (d), (e), (g), and (h) until they have reviewed this Order and either (i) executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record; or (ii) agreed on the record at a deposition to be bound by the terms of this Order. Persons identified in subparagraph (d) will only be allowed to review the Confidential Discovery Material, as may be reasonably necessary for purposes of their testimony or deposition, but will not be allowed to retain any copies thereof.

6. <u>Use of Confidential Discovery Material at Examination/Deposition</u>.

Any Party may use Confidential Discovery Material, pursuant to the terms of this Order, as an exhibit in an examination/deposition taken in the Debtor Proceeding, subject to (a) such exhibit being marked as confidential and (b) the witness' (i) execution of a written

agreement in the form attached hereto as Exhibit A or (ii) agreement on the record to be bound by the terms of this Order.

7. Use of Confidential Material in Open Court.

This Order shall not be construed to govern or affect the admissibility or use of any Confidential Discovery Material at trial or at a hearing in open court. Any Party wishing to present or introduce Confidential Discovery Material at the a trial or hearing shall move for the Confidential Discovery Material to be treated as confidential or otherwise sealed. Any Party that intends to offer any Confidential Discovery Material in evidence at a trial or hearing in open court, or otherwise use Confidential Discovery Material in a manner that would enable public access to such material, must provide written notice to the Party that produced the Confidential Discovery Material at least seven (7) days in advance of doing so.

8. Challenges to "Confidential" Designations of Discovery Material.

(a) If any Party to this Order should conclude that particular Discovery Material should not be treated as Confidential ("Challenging Party"), then it shall so notify the Party designating the Discovery Material as Confidential ("Designating Party") in writing.

(b) If the Designating Party insists on the material being treated as Confidential Discovery Material as specified in this Order, it shall so notify the Challenging Party in writing within ten (10) days of receipt of the Challenging Party's notice. The Challenging Party and the Designating Party will, within seven (7) days of such notice, make a good faith effort to resolve such objections among themselves. If they fail to resolve the matter, the Challenging Party must either seek a hearing before this Court or file a motion to address the issue. The Designating Party shall bear the burden to prove that the Discovery

Material must retain the designation of "Confidential" in any challenge to such a designation. Confidentiality shall be maintained prior to any hearing by this Court or the Court's disposition of any motion to address the issue.

   (c) The Parties agree to maintain the confidentiality of any such Confidential Discovery Material and to use it only in the manner authorized by this Order unless and until the Court rules that it may be treated otherwise.

  9. <u>No Restriction on Material Independently Obtained or Publicly Available</u>.

Nothing in this Order shall be deemed in any way to restrict the use of documents or information lawfully obtained or publicly available to a Party outside the scope of discovery in the Debtor Proceeding, whether or not the same material has been obtained during the course of discovery in the Debtor Proceeding and whether or not such documents or information have been designated "Confidential."

  10. <u>Exemption for Authors, Recipients and Parties Producing Confidential Discovery Material</u>.

Nothing in this Order shall be deemed to prohibit disclosure of any Discovery Material designated "Confidential" to such persons as appear on the face of the document to be its author or a recipient, and nothing in this Order shall be deemed to limit or prohibit any manner of use of any Confidential Discovery Material by the Party producing such Confidential Discovery Material.

  11. <u>Filing Confidential Discovery Material Under Seal</u>.

   (a) A Party who seeks to file in the Debtor Proceeding any Confidential Discovery Material or any examination/deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Discovery Material and any pleading, brief, or memorandum which

reproduces, paraphrases or discloses Confidential Discovery Material, may only file the Confidential Discovery Material in the Debtor Proceeding after redacting all Confidential Discovery Material or if the entire document is Confidential Discovery Material, then the document must be filed under seal. If the Debtor Proceeding does not permit the redaction of the Confidential Discovery Material, such Confidential Discovery Material must be filed, shown and/or disclosed in the Debtor Proceeding under seal to the extent permitted by the relevant court.

(b) Any Party may also move the Court for an order that certain Confidential Discovery Material be reviewed *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine what protection, if any, will be afforded to such information.

12. Obligation to Act in Good Faith.

The Parties and their counsel agree to act in good faith when taking any action pursuant to this Order.

13. No Waiver of Rights.

The inadvertent or unintentional production of Confidential Discovery Material shall not constitute an admission by the producing Party, and shall not waive the producing Party's rights with respect to the propriety, materiality, relevance, or admissibility of the materials produced. Any document or information that may contain Confidential Discovery Material that has been inadvertently produced without identification as to its "Confidential" nature may be so designated by the Party asserting confidentiality by written notice to the undersigned counsel for the receiving Party identifying the document(s) or information as "Confidential" within ten (10)

days following the discovery that the document(s) or information has been produced without such designation.

If, in connection with the Debtor Proceeding, a Party producing Discovery Material inadvertently discloses information subject to a claim of attorney-client privilege, attorney work-product protection, or other privilege or protection against disclosure, such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the disclosed information and its subject matter. A Party that has reason to believe that Discovery Material may have been inadvertently disclosed and contains information subject to a claim of attorney-client privilege, attorney work-product protection, or other privilege or protection against disclosure shall immediately cease review of the Discovery Material and notify the Party that produced the Discovery Material of its potential inadvertent disclosure. Once notification of such inadvertent production is made by the Party producing Discovery Material, such information and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing Party or destroyed, upon request by the producing Party, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents in motions, during examinations/depositions or at trial, nor shall they be disclosed to anyone.

14. <u>Modification of this Order</u>.

Any Party may apply to the Court for modification of this Order at any time or for the establishment of additional protection governing the use of Confidential Discovery Material, including the use of such material in submissions to the Court or at any hearing or trial. Nothing in this Order shall preclude the Parties to this Order from agreeing to amend or

modify the terms of this Order or from agreeing to extend it to other legal proceedings, so long as any such agreement is in writing.

15. <u>Legal Process Commanding Production</u>.

If any Party or person who has obtained Confidential Discovery Material under the terms of this Order receives a subpoena or other legal process commanding the production of any such Confidential Discovery Material, such Party or person shall promptly notify counsel for the producing Party of the service of the subpoena and promptly provide counsel for the producing Party a copy of the subpoena and afford the producing Party a reasonable opportunity (without violating the Subpoena) to oppose or move to quash the Subpoena.

16. <u>Post-Debtor Proceeding Treatment of Confidential Discovery Material</u>.

Following the final disposition of this action and within 30 days of the service of a written request by the producing Party, the Foreign Representative, its counsel, and its agents shall promptly return Confidential Discovery Material, including all copies thereof, to the producing Party, or, in lieu thereof, destroy all Confidential Discovery Material in its possession, except that counsel of record may retain for their notes and summaries and files copies of any paper served or filed in this Debtor Proceeding, including portions of any such papers that contain or disclose Confidential Discovery Material.

17. <u>Continuing Effect of this Order</u>.

Neither the termination of this Debtor Proceeding nor the termination of employment of any person who had access to any Confidential Discovery Material shall relieve any person or entity from the obligations of maintaining both the confidentiality and the restrictions on the use or disclosure of Confidential Discovery Material pursuant to this Order.

18. <u>Entry of Order by the Court</u>.

Any of the Parties may submit this Order for entry by the Court. However, by executing this document by hand or by electronic signature, the Parties agree and recognize that the terms of this Agreement is binding between the Parties with retroactive effect to cover all documents produced in connection with the Debtor Proceeding, regardless of whether the Court approves and enters the Order.

Dated: November 10, 2021.

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
*Attorneys for Non-Party MIC Capital Partners (US) LLC*

2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
Telephone: (786) 850-3629

By: _____
Jason D. Sternberg
Florida Bar No. 72887
jasonsternberg@quinnemanuel.com

**SEQUOR LAW, P.A.**

*Attorneys for Foreign Representative*

1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone: 305-372-8282

By: _____
Juan J. Mendoza
Florida Bar No. 113587
jmemdoza@sequorlaw.com

# # #

**Submitted by:**
Juan J. Mendoza
SEQUOR LAW, P.A.
1001 Brickell Bay Dr., 9th Floor
Miami, Florida 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
jmendoza@sequorlaw.com

Juan J. Mendoza shall serve a copy of this Order on all interested parties entitled to service and file a certificate of service thereafter.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:
MMX SUDESTE MINERACAO S.A.   Chapter 15

Debtor in a Foreign Proceeding,   Case No. 17-16113-RAM

_____/

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT AND/OR PROTECTIVE ORDER

I, _____, declare and state that:

1. I have read the Stipulated Confidentiality Agreement and [Proposed] Protective Order executed by the Parties in the above-captioned litigation (the "Agreement").

2. I promise that I will use any and all information designated as "Confidential", as defined in the Agreement, given to me only in a manner authorized therein, and only to assist in the litigation of this matter or any Debtor Proceeding as defined in the Agreement.

3. I acknowledge that, by signing this document, I am subjecting myself to the jurisdiction of the United States Bankruptcy Court for the Southern District of Florida with respect to the enforcement of the terms of the Agreement and this document.

5. I understand that any disclosure or use of information designated as "Confidential" in any manner contrary to the provisions of the Agreement may subject me to liability and possible sanctions.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____   Signature: _____